UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNIVERSAL INSURANCE COMPANY,

    Plaintiff,

v.

OFFICE OF THE INSURANCE
COMMISSIONER, et al.,

    Defendants.

Civil No. 12-1639 (JAF)

**OPINION AND ORDER**

Plaintiff, Universal Insurance Company, ("Universal") brings this action against Defendants, Office of the Insurance Commissioner of Puerto Rico, ("OIC"); Ramón L. Cruz-Colón, in his official capacity as the Insurance Commissioner of Puerto Rico, and the Commonwealth of Puerto Rico. Plaintiff alleges violations of the explicit immunity granted by the United States Congress in the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("Graves Amendment"), 49 U.S.C. §§ 30101– et seq., specifically at 49 U.S.C. § 30106. (Docket No. 1.) Plaintiff moves for a declaratory judgment, as well as a preliminary and permanent injunction to prevent and restrain OIC from issuing rulings that find liability in cases in which immunity applies. (Docket No. 1.) Defendant opposes. (Docket No. 36.) Because Plaintiff's claims are barred by res judicata, we deny the motion.

I.

**Factual and Procedural History**

Universal is a private insurance company created pursuant to the laws of the Commonwealth of Puerto Rico and licensed by the Office of the Insurance Commissioner of Puerto Rico. (Docket No. 10.)

OIC is an executive agency of the Commonwealth of Puerto Rico. Codefendant Ramón L. Cruz-Colón is the Insurance Commissioner entrusted with "the authority to settle controversies on violation[s] of the [Insurance] Code or the regulations thereunder." 26 L.P.R.A. § 235(14) (1998).

In the course of business, Universal issues liability policies to companies engaged in the rent-a-car business. (Docket No. 1-2.) These rent-a-car businesses offer the option, when they rent a vehicle, for rental customers to pay for a daily insurance premium that would cover driver liability in case an accident occurs for which the driver will be held responsible. Some rental customers, however, decline to pay for that insurance (hereinafter the "Uninsured Renters"). In Puerto Rico, several of these Uninsured Renters have negligently provoked car accidents while driving a rented car. As a result of these accidents, third parties (hereinafter the "Claimants") suffer damages to their property, and sometimes request that the rent-a-car business, as owner of the vehicle, and its insurance company, compensate them for the damages suffered in the accident.

For example, on June 17, 2009, Mrs. Aidita Luciano-Muñoz ("Muñoz") entered into a contract with Enterprise Rent-A-Car ("Enterprise") for the rental of a car. (Docket No. 8-1 at 5.) Muñoz elected not to purchase insurance coverage for herself from Enterprise and, in doing so, she avowed in her rental contract that she "complies with the applicable motor

Civil No. 12-1639 (JAF)                                                                                                          -3-

vehicle financial responsibility laws as an insured, certified self-insurer, bondholder or cash depositor." (Docket No. 28-1.) Muñoz also agreed that, "[e]xcept to the extent required by . . . the applicable motor vehicle financial responsibility laws, or otherwise by law, [Enterprise] does not extend its motor vehicle financial responsibility or provide insurance coverage to [Muñoz]." (Docket No. 30-1.) Universal did not verify if Muñoz provided any valid civil liability policy to cover the rented vehicle – in fact, she did not have such a policy. (Id. at 5.)

On June 20, 2009, while driving her Enterprise vehicle, Muñoz struck a vehicle belonging to Mrs. Carmen J. de Jesús Fonseca ("Fonseca"). On November 23, 2009, Fonseca presented a claim to Universal for the traffic accident caused by Muñoz. (Id.) On January 18, 2010, Universal denied Fonseca's claim, stating the following grounds:

> The auto of our insured (Enterprise) was rented by Mrs. Aidita Luciano Muñoz . . . .
> This customer reported (rental contract) that she would assume all losses that she caused, since she did not acquire the public liability coverage with us.
> In addition to the aforementioned, the federal law 'Safe, Accountable, Flexible, Efficient Transportation Equit[y] Act: A Legacy for Users (SAFETEA-LU)' provides that a company engaged in the rental and leasing of motor vehicles shall not be liable for physical injury and/or property damage that a vehicle of said company may cause while it is operated by the renter thereof, a situation that we see in this claim.

(Id. at 4.)

Following Universal's denial of her claim, Fonseca filed a claim at the OIC, requesting that the denial of coverage made by Universal be reversed. (Id.) Universal reasserted the reasoning for its denial of coverage, claiming that Universal was immune from Muñoz's claim due to the operation of the Graves Amendment to SAFETEA-LU.

Civil No. 12-1639 (JAF) -4-

That amendment exempts rent-a-car companies from vicarious liability for accidents caused by individuals driving rented vehicles. 49 U.S.C. § 30106. The OIC granted Fonseca's claim and reversed Universal's denial of coverage stating, among other things, that the Graves Amendment,

> [[p]rovided that the immunity granted to owners of motor vehicles for rent or lease does not extend to cases in which a state law exists that imposes financial responsibility or insurance standards on the owner of the motor vehicle so that the latter can operate said vehicle in the state.

See Docket No. 22-1 at 8; 49 U.S.C. §30106(b) (providing that nothing in the Graves Amendment restricts the ability of states to impose financial responsibility standards on the owners of motor vehicles as a licensing condition).

In at least one administrative proceeding, the OIC has found Universal liable for losses to third-party claimants in a case similar to that of Fonseca. (See Complaint, Docket No. 1, OIC Order in Case No. I-2012-20; see also, Medina Velez v. Puerto Rican Cars Inc., 2011 WL 5170519; Santiago Febus v. Metro Mazda, Inc., 2011 WL 2358391; Ortiz Santiago v. Felix Rosario, 2011 WL 2183548; Muñiz Arocho v. Charlie Rental, 2006 WL 3336740 (decisions of the Puerto Rico Court of Appeals affirming administrative decisions of the OIC imposing liability on insurers of rent-a-car companies)).

On August 7, 2012, Universal filed a complaint and moved for a declaratory judgment and a preliminary injunction, contending that OIC has issued rulings in direct contravention of the Graves Amendment, 49 U.S.C. § 30106. (Docket No. 1.) This court heard oral argument on the pending motion at a Show Cause Hearing on Friday, August 29, 2012. (Docket No. 25.) At the hearing, the parties agreed to submit stipulated facts to the court for a merits decision based on the record as developed. (Docket Nos. 25, 30) The

Civil No. 12-1639 (JAF)                                                                                                          -5-

parties also agreed to submit supplemental briefing on whether the Plaintiff is entitled to a declaratory judgment and permanent injunction.  (Docket Nos. 28, 31).

## II.

## Analysis

**A.     Standing**

The OIC argues that the Plaintiff lacks standing in this case because the injury Plaintiff alleges cannot be traced to the OIC or be redressed by a declaratory judgment and permanent injunction against OIC. (Docket No. 31 at 4—6).  We disagree.

Standing is a constitutional requirement imposed by Article III.  <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).  Because standing is a jurisdictional requirement, we must satisfy ourselves that the requirement is met before reaching the merits of the case.  We do not decide that question today but, rather, adhere to "the general rule [ ] that a court should first confirm the existence of rudiments such as jurisdiction and standing before tackling the merits of a controverted case."  <u>Katz v. Pershing</u>, 672 F.3d 64, 78 (1st Cir. 2012) (quoting <u>Berner v. Delahanty</u>, 129 F.3d 20, 23 (1st Cir. 1998).  Standing has three elements:  The plaintiff must (1) have suffered an injury-in-fact (2) that is fairly traceable to the defendant's actions (3) and that is likely to be redressed if the court finds in the plaintiff's favor.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

Here, Plaintiff has satisfied these requirements.  Plaintiff has alleged an injury-in-fact by claiming that several of OIC's administrative rulings have imposed financial liability on Plaintiff in violation of federal law.  (Docket No. 1-3.)  That is both a concrete injury (financial liability), and one that is fairly traceable to OIC, which is the source of the particular adverse rulings at issue here.  See <u>Lujan</u>, 504 U.S. at 561-62.  The injury is also

Civil No. 12-1639 (JAF)                                                                                         -6-

redressable because if Plaintiff prevails and OIC is no longer able to issue the complained-of rulings, Plaintiff will no longer be exposed to the financial hardship imposed by the OIC rulings. While Plaintiff might still be vulnerable to an adverse liability determination in state court, OIC would no longer present that risk, meaning that the particular injury alleged here would be redressed.

**B.     Res Judicata**

Defendant OIC next argues that Plaintiff's lawsuit must be dismissed on res judicata grounds because the issues in the case have already been litigated between the Plaintiff and OIC. (Docket No. 31 at 6—16). We agree that the principles of res judicata bar the current action.

Federal courts adhere to the doctrine of res judicata. Allen v. McCurry, 449 U.S. 90, 94 (1980). That doctrine holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Id.; see also Giles Toro v. University of Puerto Rico, 183 F.Supp. 2d 457, 464 n.5 (D.P.R. 2005) (res judicata is a complete bar to relitigating actions between parties). An adjudication by an administrative tribunal generally has the same res judicata effect as a judgment of a court, Aunyx Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 7 (1st Cir. 1992), see also Restatement (Second) of Judgments § 83 (1982). Federal courts also accord preclusive effect to issues decided by state courts, Allen, 449 U.S. at 95.

Three elements must be satisfied before a court may dismiss a suit on res-judicata grounds: There must be "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and

Civil No. 12-1639 (JAF) -7-

(3) sufficient identicality between the parties in the two suits." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994). All three elements are satisfied here.

Plaintiff attached to the complaint in this case an order from OIC in case I-2012-20, the finality of which the parties do not dispute. (Docket No. 1.) That OIC order resolved the issue of Graves Amendment immunity against Plaintiff, finding Plaintiff to be liable for damages incurred by a third-party claimant. That order easily satisfies the first and third elements of res judicata: It is a final judgment on the merits in an earlier suit, and the parties in the prior suit are parties in the present suit. See Aunyx, 978 F.3d at 7-8.

The order also satisfies the third element of res judicata because Plaintiff's proceedings before the OIC are substantially the same as the present proceedings. The central theory in both cases is that Plaintiff is immune from liability arising from third-party claimants by operation of the Graves Amendment. (Docket No. 1.). That is precisely the same issue Plaintiff seeks to adjudicate here. But, Plaintiff had a full and fair opportunity to raise the Graves Amendment defense before the OIC and to appeal the OIC's unfavorable decision. See Allen, 449 U.S. at 95, 101 (one limited exception to res judicata may lie where a party did not have a full and fair hearing in the prior litigation). The only difference with the present action is that Plaintiff seeks a declaratory judgment and permanent injunction affecting future cases, rather than recovering for the adverse decisions OIC has already made. But "a second action may be barred under the doctrine of res judicata even though a different theory or source of law is used." Aunyx, 978 F.3d at 8. It is so here.

**C.    Declaratory Judgment**

Even if Plaintiff's claims were not barred by res judicata, there is an additional hurdle: Plaintiff seeks a declaratory judgment, which lies within the discretion of this court.

Civil No. 12-1639 (JAF)                                                                                           -8-

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers jurisdiction on federal courts for the purposes of issuing declaratory judgments. It is an "enabling [a]ct," however, "which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

Moreover, the Declaratory Judgment Act is procedural in nature and creates no substantive rights. See e.g., Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978); Bourazak v. North River Ins. Co., 379 F.2d 530, 533 (7th Cir. 1967) ("The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights"); Maryland Casualty Co. v. Boyle Const. Co., 123 F.2d 558, 565 (4th Cir. 1941) (noting that the "federal declaratory judgment act is an important development in procedural law").

District courts enjoy significant discretion in determining whether to issue a declaratory judgment. DeNovellis v. Shelala, 124 F.3d 298, 312-14 (1st Cir. 1997). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

Here, considerations of practicality and wise judicial administration caution against granting a declaratory judgment to the Plaintiff. Under the Declaratory Judgment Act, Plaintiff's cause of action fails because Plaintiff cannot rely only on the past harm allegedly caused by Defendants. Fieger v. Ferry, 471 F.3d 637, 643 (6th Cir. 2006) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient").

The Plaintiff has had opportunities to litigate the Graves Amendment issue fully before instituting this case, and has declined to press the issue. By Plaintiff's own logic,

Civil No. 12-1639 (JAF)                                                                                         -9-

OIC will continue to take the position that the Graves Amendment does not immunize Plaintiff from liability to third-party claimants. Plaintiff, then, can appeal the next unfavorable decision of the OIC, first to the Puerto Rico Court of Appeals, and from there to the Puerto Rico Supreme Court and the First Circuit, if Plaintiff wishes to pursue relief in a federal court. See 3 L.P.R.A. § 2172 (Puerto Rico Uniform Administrative Procedure Act providing that parties may appeal adverse administrative decisions to Puerto Rico Court of Appeals); see also (Docket No. 31 at 10.) This court will not correct Plaintiff's prior litigation mistakes by creating duplicative litigation in federal court.

## III.

## Conclusion

For the aforementioned reasons, the motion for a declaratory judgment, preliminary, and permanent injunction is **DENIED**. The Plaintiff is barred from bringing these claims by the doctrine of res judicata, and this court reaches no decision on the merits of Plaintiff's substantive legal claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of October, 2012.

                                                 s/José Antonio Fusté
                                                 JOSE ANTONIO FUSTE
                                                 United States District Judge